Elizabeth **FITZPATRICK**, Appellant,

v.

David Weldon **COPELAND**; David Copeland Sand & Gravel, Inc.; and Southwest International Trucks, Inc., Appellees.

No. 2–01–112–CV.

Court of Appeals of Texas, Fort Worth.

June 27, 2002.

---

David Broiles, Fort Worth, for Appellant.

Michael Peck of Fort Worth, Leland Caldwell of McKinney and Hermes, Sargent & Bates, L.L.P., Frank Alvarez, David L. Sargent, Thad D. Spalding and L. Kimberly Steele of Dallas, for Appellees.

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

## I. INTRODUCTION

The issue on appeal is whether a plaintiff may recover negligently inflicted

mental anguish damages resulting from a motor vehicle accident in which she was involved but not physically injured. Plaintiff Elizabeth Fitzpatrick appeals from summary judgments that she take nothing from David Weldon Copeland, David Copeland Sand & Gravel, Inc. and Southwest International Trucks, Inc., (collectively "Appellees"). We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts established by the summary judgment evidence are undisputed. David Weldon Copeland, owner of Copeland Sand & Gravel, Inc., purchased a 30–foot long dual-axle gooseneck trailer to use in his business. Copeland took the trailer to Pero Trailer Manufacturing Company for repairs, including repair or replacement of four brake assemblies. Southwest International Trucks, Inc. performed a Department of Transportation inspection on the truck. On February 19, 1999, while Copeland was pulling a loaded trailer on Highway 380 in Denton County, Texas, a wheel came off the trailer and crashed through the windshield of a van in which Fitzpatrick was the front-seat passenger.

The driver, Fitzpatrick's best friend, died from injuries she received from being struck by the trailer wheel. Fitzpatrick was grazed by the wheel but suffered no physical injury. After the accident, however, Fitzpatrick began experiencing flashbacks of the event, uncontrollable crying, and debilitating mood shifts. She became extremely restless and agitated, which affected her sleep. She became obsessed with trying to help her friend. Her work as a teacher suffered because she could not concentrate. Her marriage suffered because she took out her anger on her husband, or she would be morose and withdrawn. She experienced intense grief, guilt, and depression. She experienced anxiety for her own safety when driving.

Approximately one month after the accident, Fitzpatrick sought professional help from a licensed professional counselor and has continued treatment on a regular basis since March of 1999. She endures pronounced anxiety when driving Highway 380, or when driving in the vicinity of large trucks or trailers. Likewise, she continues to experience flashbacks of the incident when she sees things that remind her of her deceased friend, hears certain songs, or sees a trailer. Her personality has also undergone a pronounced change, as has her personal appearance; she appears gaunt and haggard.

The professional counselor diagnosed Fitzpatrick with Post Traumatic Stress Disorder (PTSD) resulting from the accident.[1] In the counselor's opinion, Fitzpatrick suffered a high degree of mental trauma from the accident, as well as anger, shock, depression, grief, and frustration from inability to save her friend. Fitzpatrick has manifested symptoms of PTSD for more than one year that "relate to her having come so close to serious injury or fatality when the truck tire came through the windshield." Further, in the counselor's opinion, Fitzpatrick suffers "a degree of disturbance that she most likely would not have experienced simply from the death of her friend."

Fitzpatrick filed suit against David Copeland alleging that she suffered "severe emotional trauma" as the result of the "trauma of the accident, the death of her close friend, the driver, and the shock of the event." Fitzpatrick subsequently

---

1. PTSD occurs when a person like Fitzpatrick experiences the threat of death to oneself or actual death of others and that person's response involves "intense fear, helplessness, or horror," and the "duration of the disturbance ... is more than 1 month."

amended her petition to add the other Appellees, alleging negligence in failing to inspect or to maintain the wheel to assure the lug nuts were sufficiently tight to prevent the wheel from coming off. Fitzpatrick's suit was consolidated with a suit against the same defendants on behalf of the driver's estate and beneficiaries.

After discovery, Appellees moved for summary judgment on the grounds that Fitzpatrick was not entitled to recover mental anguish damages, either as a bystander because she lacked a close familial relationship with the deceased driver, or based upon a cause of action for negligent infliction of emotional distress because Texas does not recognize that cause of action as a matter of law. Appellees relied on Fitzpatrick's discovery admissions that she suffered no physical injury and was not related to the deceased driver. Appellees also relied on Fitzpatrick's mental health records reflecting her diagnosis of PTSD, and the Diagnostic and Statistical Manual of Mental Disorders characterizing PTSD as a psychological, rather than a physical injury. Appellees argued that, absent bystander status or serious physical injury, Fitzpatrick had no cause of action as a matter of law.

Thereafter, Fitzpatrick amended her pleadings again, adding *res ipsa loquitur* as a ground for negligence but continuing to allege only "severe emotional trauma" as the basis for her damages. Fitzpatrick filed a written response to the motions for summary judgment denying that she sought recovery solely as a bystander because she was not merely an observer of her friend's injuries but was "involved in" the accident. Fitzpatrick further argued she was not asserting a cause of action for negligent infliction of emotional distress but she sought mental anguish damages inflicted by reason of breach of Appellees' duties to inspect and secure the lug nuts

on the trailer wheel after replacing the brakes and the duty to use reasonable care in the operation of a motor vehicle.

The trial court granted Appellees' motions for summary judgment and ordered that Fitzpatrick take nothing. Fitzpatrick nonsuited Pero Trailer Manufacturing Company, and the trial court ordered Fitzpatrick's claims severed from those brought on behalf of the estate and beneficiaries of the deceased driver, making the summary judgments against Fitzpatrick final for purposes of appeal.

## III. ISSUE PRESENTED

Fitzpatrick limits her issue on appeal to one of law: whether the trial court erred in granting the summary judgments by interpreting decisions of the Supreme Court of Texas to preclude recovery for emotional distress proximately caused by a motor vehicle accident in which the plaintiff is involved when only negligent conduct by the defendants is alleged and the plaintiff received no physical injury.

## IV. STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant has established that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). All doubts as to the existence of a genuine issue of material fact are resolved against the movant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996).

Where the defendants are movants, they are entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one ele-

ment of the plaintiff's cause of action cannot be established. *Elliott–Williams Co. v. Diaz,* 9 S.W.3d 801, 803 (Tex.1999). Once the defendant-movant presents summary judgment evidence negating an element of the plaintiff's claim as a matter of law, the burden shifts to the plaintiff to present competent evidence establishing the existence of a genuine issue of material fact as to the element in question. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

We view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). All conflicts in the evidence are disregarded and the evidence favoring the nonmovant is accepted as true. *Rhone–Poulenc,* 997 S.W.2d at 223; *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). Evidence favoring the movant's position is not considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47. When the trial court's order does not specify the grounds relied upon for the summary judgment, the judgment will be upheld on appeal if any of the theories advanced are meritorious. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

## V. RECOVERY FOR MENTAL ANGUISH

Fitzpatrick acknowledges that in Texas "there is no general duty not to negligently inflict emotional distress." *Boyles v. Kerr,* 855 S.W.2d 593, 597 (Tex.1993) (op. on reh'g); *see also Motor Express, Inc. v. Rodriguez,* 925 S.W.2d 638, 639 (Tex.1996); *Wyatt v. Kroger Co.,* 891 S.W.2d 749, 752 (Tex.App.-Fort Worth 1994, writ denied). Despite this acknowledgment, Fitzpatrick notes that the Supreme Court of Texas has twice recognized the difficulty of identifying a single unifying principle underlying cases allowing mental anguish damages

and that the court has acknowledged the case-by-case development of the law in this area. *See City of Tyler v. Likes,* 962 S.W.2d 489, 496 (Tex.1997); *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 442 (Tex. 1995).

Based on this case-by-case approach, Fitzpatrick proposes the "pragmatic formulation" of a new rule for this case. Specifically, Fizpatrick proposes, in relevant part:

> When the plaintiff is involved in a motor vehicle accident, in which the vehicle occupied by the plaintiff contacts something else ... and ... the plaintiff alleges only negligent misconduct on the part of the defendant, and ... the plaintiff either suffers no bodily injury or a bodily injury not causally related to the emotional distress, then ... the plaintiff is entitled to have a trier of fact award mental anguish damages ....

Fitzpatrick contends her proposal is neither overly broad nor overly exclusionary; rather, it is limited to vehicle collisions not including those situations of "near miss" that "may scare us to death for a moment but where there is no physical contact." Because we conclude Fitzpatrick's situation is factually similar to controlling supreme court precedent, we decline to adopt Fitzpatrick's this-porridge-is-just-right proposal for expanding recovery of mental anguish damages to include her proposal.

### A. No General Duty to Avoid Negligent Infliction of Mental Anguish

 To prevail on a negligence cause of action, the plaintiff must establish damages caused by a breach of a duty. *Van Horn v. Chambers,* 970 S.W.2d 542, 544 (Tex.1998); *Cox Tex. Newspapers, L.P. v. Wootten,* 59 S.W.3d 717, 723 (Tex.App.-Austin 2001, pet. denied) (op. on reh'g). The three elements of common law negli-

gence in Texas are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987); *Wyatt,* 891 S.W.2d at 751. Whether the duty exists under a given set of circumstances is a question of law for the court. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990); *Wyatt,* 891 S.W.2d at 751. No legal liability arises if no ˚duty exists. *Wyatt,* 891 S.W.2d at 751.

 A duty represents a legally enforceable obligation to conform to a particular standard of conduct. *Wheaton Van Lines, Inc. v. Mason,* 925 S.W.2d 722, 729 (Tex.App.-Fort Worth 1996, writ denied); *Way v. Boy Scouts of Am.,* 856 S.W.2d 230, 233 (Tex.App.-Dallas 1993, writ denied). In Texas, there is no recognized general duty not to negligently inflict emotional distress; recovery for mental anguish damages is only allowed for the breach of "some other duty imposed by law." *Boyles,* 855 S.W.2d at 596; *see also Wootten,* 59 S.W.3d at 723. To award Fitzpatrick mental anguish damages, we must first determine if the defendants owed some other legal duty to her. Whether negligently inflicted mental anguish damages are recoverable for violation of some other duty depends on both the nature of the duty breached and the quality of the proof offered by the plaintiff. *Likes,* 962 S.W.2d at 494.

In *Likes,* the court addressed the issue of whether a homeowner could recover mental anguish damages resulting from flood damage to her home, and personal property allegedly caused by negligence of the City of Tyler. *Id.* at 496. Acknowledging the lack of a unifying theory of cases allowing mental anguish recovery, the court sought "to erect a framework of existing case law to assist in examining the claim before us." *Id.* The court was then able to determine the facts of that case fell outside the types of cases in which mental anguish has traditionally been held compensable. *Id.* The process of analysis utilized in *Likes* provides a roadmap for determining whether Fitzpatrick's mental anguish claim is compensable.

In *Likes,* the supreme court noted that the law does not afford recovery of mental anguish for many breaches of legal duties. *Id.* (denying mental anguish resulting from property damage caused by negligence); *see also Douglas v. Delp,* 987 S.W.2d 879, 884 (Tex.1999) (denying mental anguish damages for economic loss suffered as result of legal malpractice); *Boyles,* 855 S.W.2d at 598 (noting mental anguish not recoverable for negligent misrepresentation). There are two principal reasons courts have been unwilling to recognize mental anguish as compensable in every case in which it occurs. *Likes,* 962 S.W.2d at 494–95. First, predictability is difficult because of the variability of the human response to particular conduct and the inability to distinguish those instances when it will be a reasonably foreseeable consequence. *Id.* at 495. Second, verifying the existence of mental anguish is difficult because of its inherently subjective nature. *Id.; Parkway,* 901 S.W.2d at 444.

 In those instances when mental anguish damages have been recoverable, foreseeability and legitimacy of the injury are satisfied.[2] Similarly, mental anguish

2. *See, e.g., Twyman v. Twyman,* 855 S.W.2d 619, 623–24 (Tex.1993) (adopting tort of intentional infliction of emotional distress); *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 435 (Tex.1995) (knowing conduct required for recovery under article 21.21 of Insurance Code); *Silcott v. Oglesby,* 721 S.W.2d 290, 292 (Tex.1986) (allowing intentional tort of child abduction); *Leyendecker & Assocs., Inc. v. Wechter,* 683 S.W.2d 369, 374

damages are recoverable in virtually all personal injury actions where serious bodily injury is inflicted.[3] Other types of cases allowing recovery for mental anguish damages absent malice or intent, serious bodily injury, or, as discussed below, a special relationship between the parties, are those cases involving "injuries of such a shocking and disturbing nature that mental anguish is a highly foreseeable result."[4] *Likes*, 962 S.W.2d at 495.

■ Fitzpatrick, by her own admission, cannot recover for mental anguish injuries via any of the above methods. For example, Fitzpatrick is seeking recovery for ordinary negligence, not intentional conduct or violations of the DTPA or Insurance Code. Likewise, Fitzpatrick disclaims any bodily injury, either resulting directly from being struck by the wheel or resulting from her alleged mental anguish. Finally, Fitzpatrick acknowledges she is not related to her friend, the deceased driver of the vehicle, and possesses no cause of action for wrongful death or as a bystander. Her only remaining method for recovery of mental anguish damages is if there is a special relationship between Fitzpatrick and the Appellees.

**B. No Duty Arising from Special Relationship**

■ As the *Likes* court noted, mental anguish damages are allowed when they are the foreseeable result of a breach of duty arising from some special relationship.[5] 962 S.W.2d at 496. Recovery in such cases is not based on a general duty. Rather, as the *Boyles* court noted, there must be a "specific duty of care that, under the law, arises from the relationship." 855 S.W.2d at 600. Consequently, the supreme court has rejected some claims of a special relationship as a basis for mental anguish damages. *See, e.g., id.* (noting absence of "special duty" recognized in intimate, personal relationship); *Rodriguez*, 925 S.W.2d at 639 (holding no duty existed that would give rise to mental anguish recovery in landlord-invitee relationship).

In *Rodriguez*, the plaintiff and his wife's cousin, Lugo, were inspecting the tires of Rodriguez's rig parked on the shoulder of

---

(Tex.1984) (holding mental anguish recoverable for libel as intentional tort); *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 117 (Tex.1984) (knowing conduct required for mental anguish damages under DTPA); *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex.1967) (holding mental anguish recoverable for intentional tort of battery).

**3.** *Likes*, 962 S.W.2d at 495; *see Krishnan v. Sepulveda*, 916 S.W.2d 478, 481 (Tex.1995) (allowing mental anguish for physical injury caused by negligence of physician's treatment of mother, resulting in loss of fetus as part of mother's body); *see also Houston Elec. Co. v. Dorsett*, 145 Tex. 95, 194 S.W.2d 546 (1946) (allowing recovery for physical injury including extreme nervousness, severe headaches, lapse of memory, and "brain deterioration" resulting from mental shock, provided injury is foreseeable).

**4.** Injuries of this nature include wrongful death and bystander claims for serious injury to a close family member. *See Freeman v. City of Pasadena*, 744 S.W.2d 923, 924 (Tex. 1988) (adopting mental anguish recovery rule for familial bystander if plaintiff was present or near accident, and contemporaneously perceived the accident and injuries); *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 551 (Tex.1985) (expanding elements of recovery for wrongful death of family member to include mental anguish).

**5.** *See Boyles*, 855 S.W.2d at 600 (stating certain "special relationships" may give rise to a duty that, if breached, would support mental anguish recovery); *Pat H. Foley & Co. v. Wyatt*, 442 S.W.2d 904, 907 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd n.r.e.) (negligent handling of corpse); *Stuart v. Western Union Tel. Co.*, 66 Tex. 580, 18 S.W. 351, 354 (1885) (negligent failure to deliver death message).

the highway in front of the defendant's trucking business when a driver traveling at a high rate of speed lost control of his vehicle on the highway, striking and killing Lugo and narrowly missing Rodriguez. 925 S.W.2d at 639. The court of appeals, relying on the discussion in *Boyles* regarding liability for mental anguish based on special relationships, held Motor Express breached a duty owed as landowner to Rodriguez as an invitee in not providing him a safe place to park, giving rise to a negligence-based claim for emotional distress. *Rodriguez v. Motor Express, Inc.*, 909 S.W.2d 521, 528 (Tex.App.-Corpus Christi 1995), *rev'd,* 925 S.W.2d 638 (Tex. 1996). The supreme court disagreed, holding that, while there may be certain relationships that give rise to a duty sufficient to support an emotional distress award absent physical injury, the landowner-invitee relationship "is not one." 925 S.W.2d at 639.

Significantly, Rodriguez argued that the landowner owed him a specific duty to furnish a safe parking space. · *Id.* at 640 n. 1. However, the supreme court in *Rodriguez* held, even assuming Motor Express owed Rodriguez a duty to furnish adequate parking space, Rodriguez did not suffer a physical injury, "and because Motor Express did not have some other specific duty of care under the circumstances, Rodriguez cannot recover mental anguish damages." *Id.* at 639–40.

Relying upon *Rodriguez,* the argument that a special duty exists to avoid negligently caused mental anguish damages by highway users was rejected in *Johnson v. Standard Fruit & Vegetable Co.*, 984 S.W.2d 633 (Tex.App.-Houston [1st Dist.] 1997), *rev'd on other grounds,* 985 S.W.2d 62 (Tex.1998). Johnson, a veteran who had lost both legs in Vietnam, participated in a march with about 20 pedestrians, a mule-drawn wagon, and two pick-up trucks, followed by a Sheriff's patrol car with its lights flashing. 985 S.W.2d at 63. Incredibly, the defendant's tractor-trailer rig rear-ended the patrol car at a high rate of speed, sending it airborne, and causing it to land on the bed of the truck at the end of the parade, killing· the trooper, injuring the occupants of the truck, and coming to rest about two car-lengths from Johnson. *Id.* at 64.

Alleging that the accident had aggravated a preexisting PTSD created by his war experience, Johnson sued the owner and driver of the rig, alleging, among other grounds, negligent infliction of mental anguish based on a special relationship between the defendants and the driving public created by federal and state safety motor vehicle regulations, and grossly negligent infliction of emotional distress. *Id.* As in this case, the defendants moved for summary judgment on the grounds, among others, that Johnson had failed to state a cause of action under Texas law because he sustained no physical injury, was not a statutory beneficiary under the wrongful death act, did not qualify for bystander recovery, had no claim for intentional or reckless infliction of emotional distress, and that no special relationship existed between the defendants and other members of the traveling public giving him a cause of action in negligence. *Id.* The trial court granted a take-nothing summary judgment against Johnson on all grounds. Johnson appealed on only two grounds: (1) intentional infliction of emotional distress; and (2) negligent infliction of emotional distress based on *breach of a special duty owed to highway users. Id.*

As to the latter claim, Johnson argued that common law decisions in Texas impose upon a motorist operating a vehicle on a public road a duty to be alert and on watch for all that affects safe operation, thereby establishing a specific duty of care

to be exercised by motorists. 984 S.W.2d at 637. Thus, Johnson reasoned that the duty of care to be exercised by motorists would furnish a basis for recovery of mental anguish damages as required by *Boyles*. *Id.* Johnson analogized the duty of a motorist owed to other highway users to the duty of a landowner owed to invitees to provide adequate parking, the breach of which had been held by the court of appeals in *Rodriguez* to support negligently inflicted mental anguish damages. *Id.* (relying upon *Rodriguez v. Motor Express, Inc.*, 909 S.W.2d 521 (Tex.App.-Corpus Christi 1995), *rev'd*, 925 S.W.2d 638 (Tex. 1996)).

The Houston First Court of Appeals, in *Johnson*, reversed the intentional infliction claim, but affirmed the summary judgment against Johnson for mental anguish damages. 984 S.W.2d at 634, 640. In affirming the negligently inflicted mental anguish damages claim, the court of appeals pointed out that the Corpus Christi Court of Appeals's decision in *Rodriguez* relied upon by Johnson was reversed by the supreme court. *Id.* at 640. The court of appeals reasoned that, under *Boyles*, the "duty" that will sustain damages for negligent infliction of mental distress is not merely the general duty owed to avoid physical injury or property damage, such as the duty owed to an invitee or to other highway motorists, but must be an existing duty to avoid negligently inflicting mental anguish damages. *Id.* The court found no specific duty to avoid causing emotional distress. *Id.* Finally, the court held that, as a matter of law, no "special relationship" existed between a driver and another person on the public roadway so as to give rise to a "special duty" allowing recovery for emotional distress. *Id.* In the supreme court, Johnson abandoned his claim for recovery of mental anguish based on negligence, conceding that it was considerably

weakened by the supreme court's decision in *Rodriguez*. 985 S.W.2d at 63.

■ We agree with the Houston Court of Appeals in *Johnson*, that a motorist owes no special duty to avoid inflicting mental anguish damages on other users of the highway. 984 S.W.2d at 640. Fitzpatrick seeks to distinguish her case from the situations in *Rodriguez* and *Johnson* because she was a passenger in the vehicle with her friend when the wheel crashed through the windshield. In other words, she was a "victim" and "involved in an accident" rather than merely an "observer" as she seeks to characterize both plaintiffs in *Johnson* and *Rodriguez*. We disagree that this case is distinguishable simply because Fitzpatrick was occupying a motor vehicle.

Indeed, Fitzpatrick's claim is remarkably similar to those in both *Rodriguez* and *Johnson*. The only difference we see is that the plaintiffs and their companions in both *Rodriguez* and *Johnson* were pedestrians. Nevertheless, those cases may still be characterized as motor vehicle accidents, because the plaintiffs-companions were struck by motor vehicles on (or near) the highway in both cases. Moreover, the wheel that hit and killed Fitzpatrick's driver companion could just as easily have crashed into a crowd of pedestrians as through the windshield of the van occupied by Fitzpatrick.

## VI. CONCLUSION

Having analyzed the framework of existing case law to determine whether Fitzpatrick's case fits within it, we conclude that it clearly falls outside the types of cases in which mental anguish has been held compensable under Texas law and squarely within cases holding that no traditional or special duty exists to avoid negligently inflicting mental anguish to a person involved in an automobile accident, regardless of whether that person is a

pedestrian, another motorist, or a passenger in another vehicle. We decline to adopt a special rule allowing recovery of negligent infliction of mental anguish damages where a plaintiff is involved in a motor vehicle accident but suffered no physical injury. We hold the trial court correctly granted summary judgment to Appellees that Fitzpatrick take nothing on her claim for mental anguish as the result of Appellees' alleged negligence.

Accordingly, we overrule Fitzpatrick's sole point and affirm the trial court's judgments.