YVONNE T. RODRIGUEZ, Justice
More than fifty property owners and apartment residents sued the Water District for property damage and personal injury as a result of a breach in a canal. The Water District filed a plea to the jurisdiction based on governmental immunity. The trial court denied the Water District's plea. This is an interlocutory appeal whereby the Water District appeals the trial court's denial of its plea to the jurisdiction.
Factual Summary
The Franklin Canal is an irrigation canal operated by the El Paso County Water Improvement District # 1. Appellees are property owners and apartment residents living near the Franklin Canal in a neighborhood called Ramos Court. On the morning of June 4, 2011, the canal bank broke open causing large amounts of water to flow onto Appellees' properties and residences.
Appellees filed their original petition on August 30, 2011, against the Water District contending that the Water District had negligently caused the flooding of their neighborhood. Appellees specifically *53 alleged that an employee of the Water District, working with motor-driven equipment, had cut into the ditch bank adjacent to the canal, and the Water District was liable under the Texas Tort Claims Act for the resulting damage to the Appellees' real and personal property, in addition to personal injuries. The Water District filed a plea to the jurisdiction and motion for summary judgment, contending that, inter alia , the Water District was immune from liability since the Water District had already paid the waiver limit under the TTCA for property damage. The trial court granted both the plea to the jurisdiction and the motion for summary judgment. The order stated that the Water District had immunity from property damage over the waiver limit, granted the plea to the jurisdiction since the Water District had governmental immunity, and dismissed Appellees' claims for damage to real and personal property.
After subsequent amendments to their pleadings, Appellees live petition here is their Third Amended Original Petition. The Water District filed a second plea to the jurisdiction. Appellees filed their response to the Water District's plea to the jurisdiction with supporting evidence and, after a hearing, the trial court denied the Water District's plea to the jurisdiction. The Water District timely appealed the trial court's denial.
Appellees' Petition
Appellees' aver that in the winter months between 2010 and 2011, the Water District used motor-vehicle equipment to dredge the then empty Franklin Canal, including the bank that later broke open. That area of the bank, north of and parallel to the Ramos Court, was lined only by soft dirt banks. The dredging caused a larger volume of water to flow through the canal at an increased rate. Water resumed flowing through the canal in March of 2011.
On or about June 3, 2011, employees of the Water District were working with motor-driven equipment on the southern bank of the Franklin Canal. On the morning of June 4, 2011, Rene Carmona, a senior ditch rider employed by the Water District, was in charge of monitoring the canal. Carmona first drove by the Franklin Canal around 7:30 a.m. and determined the canal was "full but safe." When he returned around 8:00 a.m., he again did not notice anything unusual. Then around 9:54 a.m., Carmona realized there was water leaking from a portion of the bank of the canal and that water had reached the street. Carmona then notified the head dispatcher for the Water District when he discovered the leaking canal.
Using a cheater pipe, (what Carmona described as a metal pipe that is approximately four to five feet tall) Carmona pounded and tamped on the leaking bank. The initial leak increased and the dirt bank started collapsing. At some point, after the leaking began, some of the Ramos Court residents went to the area where the Franklin Canal eventually broke and observed Water District employees using a backhoe (motor-driven equipment used by the Water District). The Franklin Canal bank subsequently broke and water surged towards the Appellees' homes and apartments. Water flooded several feet high in the Ramos Court. The Water District's management later arrived at the site and directed employees to assist with the clean-up of the water and mud.
The flooding impact varied from home to home. One home was a complete loss. Flooring, walls, furniture, appliances, computers, televisions and many other items were destroyed or damaged. In addition, the flooding, the residents claim caused personal injury. The Water District sent *54 out adjusters to analyze the Appellees' claims and paid a portion of the property damages sustained. They did not, however, offer to pay for their personal injuries, such as their "fear, anxiety, discomfiture, apprehension, annoyance and inconvenience, pain and suffering."
Causes of Action
From these facts, Appellees' live petition asserted six causes of action. First, Appellees contend that "[t]he conduct of [the Water District]'s employees, acting within the scope of their employment, constituted negligence or other act or omission arising from the use of a motor driven vehicle or motor driven equipment or the cheater bar." Second, Appellees contend that "[t]he conduct of [the Water District] constituted a nuisance that invaded [Appellees'] interests arising from the negligent use of a motor driven vehicle or motor driven equipment or the cheater bar." Third, Appellees contend that "[t]he conduct of [the Water District] constituted a nuisance. That conduct was abnormal or out of place in its surroundings and caused an invasion of [Appellees'] interests." Fourth, Appellees contend that "[t]he conduct of [the Water District] constituted an unlawful trespass arising from the negligent use of a motor driven vehicle or motor driven equipment or the cheater bar." For each of these causes of action, Appellees pleaded that the conduct proximately caused "the June 4, 2011 overflow and breach of the Canal and of the property damages, personal and bodily injury damages and mental anguish suffered by the [Appellees]." In addition, Appellees pleaded that immunity is waived under Section 101.021 of the Texas Tort Claims Act and the Water District is liable to the Appellees for the property damage and personal injury damage, specifically, the personal injury caused "by assaulting their senses and their bodies and depriving them of the enjoyment of their homes through fear, apprehension and loss of peace of mind. [The Water District] caused them discomfiture, annoyance, and inconvenience. It was offensive to the senses and rendered the enjoyment of life and property uncomfortable. It also caused them mental anguish." Fifth, Appellees contend that the Water District is liable for "[a] condition or use of the [the Water District]'s tangible or real property ...." Specifically, "[t]he tangible property used was the cheater bar used to tamp on the ditchbank" and the condition of the canal, being used to full capacity, was the real property. Appellees pleaded the same damages as in their first four causes of action.
In the alternative, Appellees contend that "the Franklin Canal was in an inherently dangerous condition in itself and constituted an actionable nuisance." Appellees pleaded the same damages as in their first four causes of action.
DISCUSSION
A unit of state government is immune from suit and liability and can be sued only if the Legislature, through "clear and unambiguous language," consents. TEX.GOV'T CODE ANN. § 311.034 (West 2013) ; Dallas Area Rapid Transit v. Whitley , 104 S.W.3d 540, 542 (Tex. 2003). El Paso County Water Improvement District # 1 is a governmental unit that is entitled to governmental immunity. See TEX.CIV.PRAC.&REM.CODE ANN. § 101.001(3)(B) (West Supp. 2017)(designating a "water improvement district" as a "[g]overnmental unit").
"Governmental immunity from suit defeats a court's subject matter jurisdiction." Whitley , 104 S.W.3d at 542. Whether a trial court has subject matter jurisdiction is a question of law and is properly asserted in a plea to the jurisdiction.
*55 Texas Dept. of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004) ; Sampson v. Univ. of Texas at Austin , 500 S.W.3d 380, 384 (Tex. 2016). A plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. Id. ; Whitley , 104 S.W.3d at 542. "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law" we review de novo . Miranda , 133 S.W.3d at 226. To determine if the plaintiff has met that burden, "we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." Whitley , 104 S.W.3d at 542 ; Sampson , 500 S.W.3d at 384. We take as true all evidence favorable to the non-movant and indulged every reasonable inference and doubts in the nonmovant's favor. Miranda , 133 S.W.3d at 228. Thus, we will review Appellees' pleadings and the evidence attached in his response to the Water District's plea to determine if the claims comport with the statutory waiver of immunity.
If the pleadings lack sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not reveal incurable defects in jurisdiction, the issue is one of pleading sufficiency and the trial court may either afford the plaintiffs an opportunity to amend or await further developments of the case on the merits. Miranda , 133 S.W.3d at 226-27. If, however, the pleadings affirmatively negate the jurisdiction, the trial court may grant the plea to the jurisdiction without providing the plaintiffs an opportunity to amend. Id. at 227. We first determine if the Water District is shielded by governmental immunity.
Tort liability under the TTCA
Government immunity from suit is waived and abolished to the extent of liability created by the Texas Torts Claims Act ("TTCA"). Miranda , 133 S.W.3d at 224 (citing TEX.CIV.PRAC.&REM.CODE ANN. § 101.025(a) ). Therefore, a governmental unit is immune from suit unless the TTCA expressly waives immunity. Sampson , 500 S.W.3d at 384.
Under the TTCA, governmental immunity is waived for two types of claims: (1) those involving property damage, personal injury, or death arising from an employee's operation or use of motor-driven vehicle or equipment; and (2) those involving personal injury or death caused by a condition or use of tangible personal property or real property. TEX.CIV.PRAC.&REM.CODE ANN. § 101.021 (West 2011). Under both types of claims, the TTCA waives liability only if the employee would be liable at common law or the governmental unity, were it a private person, would be liable to the claimant at common law. Id. Accordingly, the TTCA "does not create a cause of action; it merely waives [governmental] immunity as a bar to a suit that would otherwise exist." City of Tyler v. Likes , 962 S.W.2d 489, 494 (Tex. 1997). We, therefore, must determine whether the Appellees have pleaded recoverable causes of action for each of the underlying claims which would waive immunity under the TTCA.
Neither party claims an issue with the trial court's dismissal of Appellees' claims for damage to real and personal property as a result of the Water District's waiver limit payment to Appellees for property damages. The TTCA creates "a unique statutory scheme in which [immunity from suit and immunity from liability] are co-extensive: 'Sovereign immunity to suit is waived and abolished to the extent of liability created by the [TTCA].' " Sampson , 500 S.W.3d at 384 (quoting TEX.CIV.PRAC.&REM.CODE ANN. § 101.025(a) ). Since the trial court has determined, and the parties *56 do not here dispute, that the Water District has paid the waiver limit for property damage and the Water District is immune from suit over the waiver limit, immunity is reinstated for any claim to property damage above the waiver limit. Edinburg Hosp. Auth. v. Trevino , 941 S.W.2d 76 (Tex. 1997) (a government unit can be held liable only up to specified dollar amount in the TTCA). In addition, Appellees concede that they have not alleged a constitutional takings claim under the Texas Constitution. See TEX.CONST. art. I, § 17. As such, Appellees' potential recovery in this case is limited to damages for personal injury up to the waiver limit under the TTCA. See TEX.CIV.PRAC.&REM.CODE ANN. § 101.023(b) (West 2011). Thus, we must determine whether the Appellees have pleaded recoverable causes of action for each of the underlying claims against the Water District for damages for personal injury .
Before turning to the merits of the underlying claims, we find it necessary to categorize each of them. Appellees' pleadings allege personal injury as a result of the flooding which was negligently caused by either Carmona's response to the leak by pounding a chattel bar (tangible personal property) into the leak, by the Water District's employees operating the backhoe (motor-driven equipment), or both, exacerbating the breech. From these facts, the Appellees allege ten underlying causes of action in support of their contention that immunity is waived under the TTCA. Two causes of action are present in Appellees' first claim: (1) negligence (arising from employees' use of motor-vehicle equipment); and (2) negligence (arising from employee's use of tangible personal property). Another two causes of action in the second claim: (3) private nuisance (arising from employees' negligent use of motor-driven equipment); and (4) private nuisance (arising from employee's negligent use of tangible personal property). One cause of action in the third claim: (5) private nuisance (arising from abnormal and out of place conduct). Two causes of action in the fourth claim: (6) trespass (arising from employees' use of motor-driven equipment); and (7) trespass (arising from employee's use of tangible personal property). The fifth claim alleges a: (8) negligence (arising from employee's use of tangible personal property); and (9) a premises defect (arising from the condition of real property). And one cause of action in the alternative sixth claim: (10) a premises defect (arising from the condition of real property). The relevant real property is the Franklin Canal. We categorize the causes of action as follows: (1), (2), and (8) as negligence; (3), (4), and (5) as private nuisance; (6) and (7) as trespass; and (9) and (10) as premises defect.
Recoverable Personal Injury
In City of Tyler v. Likes , the Texas Supreme Court considered the type of damages a plaintiff could recover where a plaintiff alleged a negligent flooding of her home. 962 S.W.2d at 493. The Court there analyzed whether the plaintiff could recover mental-anguish damages against a private defendant under the common law in order to establish a waiver of immunity under the TTCA. Specifically, the Court determined the plaintiff's ability to recover mental-anguish damages in a negligence case when there was no physical injury except for the physical symptoms and manifestations of mental-anguish. The Court held that "damages measured by diminution in value are an adequate and appropriate remedy for negligent harm to real or personal property, and that mental anguish based solely on negligent property damage is not compensable as a matter of law." Id. at 497. The Court in Likes categorized the cases that permit mental-anguish *57 damages without proof of physical injury into three categories: cases involving intentional or malicious conduct; cases involving the breach of a duty arising from a special relationship; and cases involving particularly disturbing events. Id. at 495-96.
Following Likes , in Port of Houston Authority v. Aaron , the court characterized "sleep deprivation and resulting physical maladies, traumatic stress disorders, and extreme mental anguish" damages as "mental anguish and the physical symptoms of mental anguish." Port of Houston Auth. v. Aaron , 415 S.W.3d 355, 364 (Tex.App-Houston [1st Dist.] 2013, no pet.). The plaintiffs in Aaron filed a lawsuit against the Port Authority, a governmental unit that maintained governmental immunity, alleging that its negligent operation of a container terminal along a channel constituted a nuisance. Id. at 358, 361. In construing the pleadings in favor of the plaintiffs, the court there determined that the Port Authority retained immunity and that the trial court erred in not granting the plea to the jurisdiction, "not reach[ing] the issue of whether the damages pleaded by the property owners [were] personal injuries within the meaning of section 101.021 because the property owners [had] not stated a claim that would subject the Port Authority to liability as a private defendant for mental anguish or any physical symptoms resulting from mental anguish." Id. at 364.
Outside of the TTCA, the court in Fitzpatrick v. Copeland reviewed whether a plaintiff could recover damages under a negligent cause of action. 80 S.W.3d 297, 299-300 (Tex.App.-Fort Worth 2002, pet. denied). The plaintiff had been involved in a car accident which resulted in her best friend's death. Id. at 299. The plaintiff suffered no physical injury. Id. She sued to recover damages for personal injury, alleging she suffered from posttraumatic stress disorder, uncontrollable crying, debilitating mood shifts, sleep deprivation, intense grief, depression, anxiety, and experienced flashbacks of the event-what the court construed as emotional distress and mental-anguish damages. Id. at 299, 302. The court determined that the damages "clearly [fell] outside the types of causes in which mental anguish has been held compensable under Texas law" and found that the plaintiff could not recover on her claim for mental-anguish as a result of the defendant's negligence. Id. at 305-06.
Courts, including this Court, have followed the reasoning and holding in Likes that recoverable causes of action, both within and outside the TTCA, do not include mental-anguish damages resulting only from property damage. Id. at 496 ; Davis v. City of Palestine , 988 S.W.2d 854, 858 (Tex.App.-Tyler 1999, no pet.) (holding that "personal injury" under the TTCA does not extend to mental-anguish caused by damage to property); City of Wylie v. Taylor , 362 S.W.3d 855, 865 (Tex.App.-Dallas 2012, no pet.) (noting that mental-anguish caused by property damage is not compensable under TTCA); Great Am. Ins. Co. v. Hamel , 444 S.W.3d 780, 811 (Tex.App.-El Paso 2014, pet. granted) (concluding that plaintiffs could not recover for mental-anguish where the underlying damage was only to property).
Application
Appellees allege "injury by assaulting their senses and their bodies and depriving them of the enjoyment of their homes through fear, apprehension and loss of peace of mind. It caused [Appellees'] discomfiture, annoyance and inconvenience. It was offensive to the senses and rendered the enjoyment of life and property uncomfortable. It also caused them mental anguish." We find that these damages are *58 mental-anguish, or at most physical manifestations of mental-anguish, as a result of the canal flooding that caused damage to their personal and real property. See Aaron , 415 S.W.3d at 359 (categorizing "sleep deprivation and resulting physical maladies, traumatic stress disorders, and extreme mental anguish" as damages for mental-anguish and the physical symptoms of mental-anguish).
Appellees do not posit in their pleadings, or on appeal, that they fall within any of the delineated as recoverable mental-anguish damages categories the Supreme Court provided in Likes : cases involving intentional or malicious conduct, cases involving the breach of a duty arising from a special relationship, and cases involving particularly disturbing events. Id. at 495-96.
In addition, Appellees have not pleaded that their underlying causes of actions (i.e. negligence, nuisance, trespass, premises defect)[1] permit recovery for damages for mental-anguish where there is a lack of physical injury and where their causes of action do not fall within the Likes categories. Compare Edinburg Hosp. Auth. , 941 S.W.2d at 80 (bystander who suffered no personal injuries could recover damages for mental-anguish that arose where she witnessed a traumatic injury to a close relative caused by defendant's negligent action) and Likes , 962 S.W.2d at 497 (refusing to rule out the possibility that damages for mental-anguish without personal injury could be recovered for a nuisance action caused by intentional conduct)[2] and Coinmach Corp. v. Aspenwood Apartment Corp. , 417 S.W.3d 909, 922 (Tex. 2013) (holding that damages for mental-anguish without personal injury are recoverable only with a showing of willful and deliberate trespass action)[3] with Likes , 962 S.W.2d at 497 (refusing to allow a claim for damages mental-anguish without personal injury under negligence theory) and Aaron , 415 S.W.3d at 364 (refusing to allow a claim for mental-anguish and physical symptoms of mental-anguish, without personal injury, under a negligent nuisance theory) and Motor Exp., Inc. v. Rodriguez , 925 S.W.2d 638, 639 (Tex. 1996) (refusing to allow a claim for mental-anguish, without personal injury, under a premises defect theory).
No Waiver under the TTCA
Because Appellees failed to show that the Water District, without any property damage, "would subject it to liability for [Appellees]' mental anguish if it were a private defendant" or that an employee of the Water District would be personally liable, we need "not decide whether mental anguish is a personal injury within the meaning of section 101.021 of the [TTCA]." Likes , 962 S.W.2d at 500 ; see also Aaron , 415 S.W.3d at 365 ("not reach[ing] the issue of whether the damages pleaded by the property owners are personal injuries within the meaning of section 101.021 because the property owners have not stated *59 a claim that would subject the [governmental unit] to liability as a private defendant for mental anguish or any physical symptoms resulting from mental anguish"). Even construed liberally in Appellees' favor, we hold that the Water District retains immunity since immunity is not waived under the TTCA and the Appellees' pleadings do not allege governmental immunity wavier under any other theory. The trial court erred in denying the plea to its jurisdiction as to the remaining claims for damages for personal injury. See Miranda , 133 S.W.3d at 227-28.
CONCLUSION
We reverse the order of the trial court and render judgment dismissing the property owners' claims against the Water District.
Chew, C.J. (Senior Judge)(Sitting by Assignment)

Appellees would not be able to plead both negligence and premises defect causes of action. See Sampson , 500 S.W.3d at 391.

The TTCA does not, however, waive immunity for intentional acts and an intentional nuisance not characterized as a constitutional claim would fail as a matter of law. Tex.Civ.Prac.&Rem.Code Ann. § 101.057(2) (West 2011); see also Delaney v. Univ. of Houston , 835 S.W.2d 56, 59 (Tex. 1992).

A trespass is usually regarded as an intentional tort. See Hidalgo County v. Dyer , 358 S.W.3d 698, 704 (Tex.App.-Corpus Christi 2011, no pet.). Therefore, to the extent their trespass claim would be premised on intentional acts, it too would fail as a matter of law. Tex.Civ.Prac.&Rem.Code Ann. § 101.057(2).