

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-18-00249-CV

TROY THOELE,

                                             **Appellant**

 v.

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

                                             **Appellee**

_____

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 1828674

_____

## MEMORANDUM OPINION

_____

Appellant Troy Thoele (Thoele), who is an inmate of the Texas Department of Criminal Justice, Institutional Division (TDCJ), appeals the trial court's judgment dismissing his case. We affirm.

### *Background*

Thoele asserts in his original petition that he was transferred in 2013 to the Huntsville Unit and that he was assigned to work at the textile mill on the "Spin Floor,"

which "processes compressed raw cotton bails [sic] into yarn that is ultimately used in inmate clothes, towels, and other products." In late 2016 or early 2017, Thoele began suffering health problems and self-diagnosed himself as suffering from "Byssinosis." After examination by a respiratory therapist at the University of Texas Medical Branch, Thoele was diagnosed with "mild persistent asthma due to 'allergic airway condition triggered by cotton dust.'" Thoele was prescribed medication and removed from the textile mill.

In response to Thoele's original petition, TDCJ filed a Motion to Dismiss Pursuant to Rule 91a that the trial court granted. The trial court denied Thoele's motion for new trial.

Thoele's petition asserts four claims under the Texas Tort Claims Act (TTCA): (1) injury by premises defect, as the textile mill contained air contaminated with cotton dust; (2) injury by motor-driven equipment, as TDCJ negligently maintained the motorized equipment causing excessive cotton dust to be produced; (3) injury by use or condition of personal property, as TDCJ furnished him with inadequate safety equipment; and (4) negligence per se, as TDCJ's actions were in violation of rules promulgated by the federal Occupational Safety and Health Administration (OSHA).

***Issues***

Thoele presents four issues:

Issue One – The trial court incorrectly overruled an objection and Appellant's motion for a new trial, rejecting the Secretary of State's Certificate of Service as proof of when the Appellee was served.

Issue Two – The trial court incorrectly found the Appellee's motion to dismiss pursuant to Texas Rule of Civil Procedure 91(a) was timely filed when it was not.

Issue Three – The trial court dismissed the action based on the Appellee's motion to dismiss without affording the Appellant the opportunity to amend to cure defects in the pleadings.

Issue Four – The Appellee failed to present sufficient evidence to show that acts or omissions complained of was an exercise of governmental discretion in good faith and within the scope of authority if the Appellee were a person, and not occupational discretion.

*Discussion*

A. Issues Two and One. Thoele asserts that the trial court erred in considering TDCJ's motion to dismiss because it was not timely filed. A motion to dismiss under Rule 91a must be filed "within 60 days after the first pleading containing the challenged cause of action is served on the movant." TEX. R. CIV. P. 91a.3(a). The original petition in this case was filed on March 5, 2018. TDCJ's Original Answer was filed on April 2, 2018, and its Motion to Dismiss Pursuant to Rule 91a was filed on May 16, 2018.

The trial court held a hearing on March 28, 2018 on Thoele's request for a temporary injunction, at which time the attorney representing TDCJ waived service. Reporter's Record filed in *Tex. Dep't of Criminal Justice v. Thoele*, No. 10-18-0015-CV, 2018 WL 3469804 (Tex. App.—Waco July 18, 2018, no pet.) (mem. op.). The trial court held a hearing on TDCJ's motion to dismiss on June 11, 2018. Thoele was present for both hearings.

Thoele submitted with his motion for new trial a copy of a certificate of service reflecting that his petition was received by the Secretary of State on March 12, 2018 and

forwarded by email to TDCJ in Austin on March 13, 2018. At the June hearing, Thoele used these dates in support of his objection to the untimeliness of TDCJ's motion.

Section 492.010 of the Government Code provides that the Executive Director of the Texas Board of Criminal Justice is "the only person authorized to receive service on behalf of the board, department, or any division of the department." TEX. GOV. CODE ANN. § 492.010(d); *see also Gibson v. Tex. Dep't of Criminal Justice*, No. 11-17-00196-CV, 2019 WL 3333348, at *2 (Tex. App.—Eastland July 25, 2019, no pet.) (mem. op.). Serving the Secretary of State does not constitute service upon the executive director of TDCJ. *Gibson*, 2019 WL 3333348, at *2; see also *Hamilton v. Pechacek*, No. 02-12-00383-CV, 2014 WL 1096018, at *2-3 (Tex. App.—Fort Worth Mar. 20, 2014, no pet.) (mem. op.); *McBride v. Mail Sys. Coordinator's Panel*, No. 13-05-560-CV, 2008 WL 2151523, at *3 (Tex. App.—Corpus Christi May 22, 2008, pet. denied) (mem. op.). As TDCJ was not properly served, the time for filing the Rule 91a motion did not begin to run until TDCJ waived proper service at the March 28 hearing. The Rule 91a motion was, therefore, timely filed. Thoele's second issue is overruled.

Because we have considered the certificate attached to his motion for new trial, Thoele's first issue is also overruled.

B. Issue Three. Thoele asserts that the trial court erred in not allowing him to amend his original petition. At the June hearing, Thoele orally requested leave to amend his petition. The trial court did not specifically rule on Thoele's request, but it was implicitly denied when the court granted TDCJ's Rule 91a motion.

Once a Rule 91a motion is filed, the trial court has forty-five days to rule. TEX. R. CIV. P. 91a.3(c). To avoid a ruling, the nonmovant has the option to nonsuit or amend the challenged causes of action at least three days prior to the hearing. *Id.* 91a.5(a), (b). Rule 91a.5(c) precludes the trial court from considering an amendment that was not filed pursuant to subsection (b). *Id.* 91a.5(c). As Thoele did not amend his petition three days prior to the hearing, the trial court was required to rule on TDCJ's motion without allowing Thoele further time to amend. *Id.*; *see also Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *5 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.) (trial court did not err in failing to consider untimely filed amended pleading); *Estate of Savana*, 529 S.W.3d 587, 593 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (trial court must rule on motion without considering an untimely nonsuit or amendment); *Dailey v. Thorpe*, 445 S.W.3d 785, 790 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (rule does not allow opportunity to cure defects after the fact). The trial court did not err in denying Thoele the opportunity to amend his petition.

Thoele additionally argues that TDCJ's motion to dismiss incorrectly noted that his petition alleged only negligence rather than gross negligence, asserting that the facts of his petition should have been considered rather than the legal conclusion. Thoele then compares "the individual facts pled by Thoele in his original petition, the evidence offered by the Appellee . . ., and the 'negligence' versus 'gross negligence' standard." After analyzing Thoele's petition under the proper legal standard, we conclude that the facts contained therein are not sufficient to invoke the State's waiver of immunity.

1.  Rule 91a Standard.  A Rule 91a motion allows a party, with exceptions not applicable here, to "move to dismiss a cause of action on the grounds that it has no basis in law or fact."  TEX. R. CIV. P. 91a.1.

> A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.  A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

*Id.*  We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts of a case is a question of law.  *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020) (citing Rule 91a.6); *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (*per curiam*).  "[T]he rule's factual-plausability standard is akin to a legal-sufficiency review."  *Sanchez*, 494 S.W.3d at 724.

A review of a 91a dismissal has been analogized to the granting of a plea to the jurisdiction, "which requires a court to determine whether the pleadings allege facts demonstrating jurisdiction."  *Id.* at 725.  To determine whether dismissal under Rule 91a is required in a case such as this, where the trial court's subject-matter jurisdiction is challenged, we consider "whether the pleadings, liberally construed, allege sufficient facts to invoke a waiver of governmental immunity under the Tort Claims Act."  *Id.*

2. Sovereign Immunity.  Generally, the common law doctrine of sovereign immunity prevents the state from being sued without the state's consent.  *Nettles v. GTECH Corp.*, 606 S.W.3d 726, 731 (Tex. 2020).  TDCJ, as a state agency, shares this immunity.  *See Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020).  The State and its agencies may be sued only if the Legislature waives immunity in "clear and

unambiguous language."  *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016).  "That means that a statute that waives the state's immunity must do so beyond doubt."  *Ramos v. Tex. Dep't of Criminal Justice-Corr. Inst. Div.*, No. 12-10-00397-CV, 2011 WL 3273468, at *3 (Tex. App.—Tyler July 29, 2011, pet. denied).  When we construe a statute that purportedly waives immunity, we resolve any ambiguities in favor of the State retaining its immunity.  *Id.*

The TTCA provides a limited waiver of the state's immunity from suit for certain negligent acts committed by governmental employees.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *see also Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019).  The TTCA waives the State's immunity for personal injuries or death caused by:  (1) operation or use of publicly owned motor-driven vehicles or motor-driven equipment; (2) a condition or use of tangible personal property; and (3) premises defects. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *see also Sampson*, 500 S.W.3d at 384.  The TTCA does not create a cause of action, it merely waives immunity "as a bar to a suit that would otherwise exist."  *El Paso Cty. Water Improvement Dist. #1 v. Ochoa*, 554 S.W.3d 51, 55 (Tex. App.—El Paso 2018, no pet.) (quoting *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997)).  The TTCA's waiver of immunity is applicable only if "the governmental unit would, were it a private person, be liable to the claimant according to Texas Law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

3. Premises Defect.  Thoele asserts that the textile mill has a "defect" in that the air is contaminated with cotton dust.  If a claim "arises from a premise defect, the

governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a); *see also Sampson*, 500 S.W.3d at 389.

> The duty owed to a licensee on private property requires that "a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not."

*Sampson*, 500 S.W.3d at 385 (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). Absent willful, wanton, or grossly negligent conduct, a licensee must prove the following to establish the breach of duty owed to him:

> (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee.

*Sampson*, 500 S.W.3d at 391 (quoting *Payne*, 838 S.W.2d at 237). "[T]he licensee must show that the owner actually knew of the 'dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition c[ould] develop over time.'" *Id.* at 392 (quoting *The Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2010)); *see also City of Corsicana v. Stewart*, 249 S.W.3d 412, 414-15 (Tex. 2008) (*per curiam*). The knowledge of the landowner must be actual rather than constructive. *Sampson*, 500 S.W.3d at 392. "Hypothetical knowledge will not suffice." *Id.* In determining whether a premises owner has actual knowledge of a dangerous condition, courts generally consider whether the owner received reports of prior injuries or reports about the potential danger of the

condition. *Id.* Awareness of a potential problem is not actual knowledge of an existing danger. *See Reyes v. City of Laredo*, 335 S.W.3d 605, 608 (Tex. 2010) (*per curiam*).

Thoele asserts that TDCJ had knowledge because it upgraded the filtration system in the mill in 2016. However, this is, at most, constructive knowledge on TDCJ's part that the filtration system was inadequate. Thoele identifies no individuals who were afflicted by Byssinosis or any other condition as a result of their employment in the textile mill. As noted, not even Thoele has been diagnosed with Byssinosis, nor does he assert that he told anyone at the mill about his condition. Nothing in Thoele's pleadings points to actual knowledge of a harmful condition on the part of TDCJ.

4. <u>Injury by Motor-Driven Equipment</u>. Thoele asserts that TDCJ negligently operated the equipment at the textile mill, that TDCJ failed to perform adequate maintenance of the equipment, and failed to exercise authority over inmates physically operating the equipment, all of which caused excessive cotton dust to be produced and was a proximate cause of his injuries.

We strictly construe the operation or use of motor-driven equipment in light of the legislature's preference for a limited immunity waiver. *San Antonio Ind. School Dist. v. Hale*, No. 04-18-00102-CV, 2018 WL 3129436, at *2 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op.) (citing *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015)). "'Use' means 'to put or bring into action or service; to employ for or apply to a given purpose.'" *Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 869 (Tex. 2001) (quoting *Mt. Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989)). In addition, the equipment's use must have actually caused the injury.

*Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003). The operation or use does not cause injury if it does no more than furnish the condition that makes the injury possible. *Id.*; *see also City of San Antonio v. Riojas*, 604 S.W.3d 432, 440 (Tex. App.—San Antonio 2020, pet. filed).

Thoele does not allege that his injury was the result of his use or operation of the equipment in the textile mill. The most that can be ascertained from his petition is that he was present when the cotton machines were operating or being cleaned. The "use" of the cotton machines, therefore, did no more than furnish a condition that could make an injury possible, but only in conjunction with a lack of ventilation or personal protection equipment. "When an alleged cause is geographically, temporally, or causally attenuated from the alleged effect, that attenuation will tend to show that the alleged cause did no more than furnish the condition that made the effect possible." *Ryder*, 453 S.W.3d at 927.

Thoele's other allegations are also insufficient to waive the State's sovereign immunity in this regard. Thoele does not provide facts indicating how TDCJ personnel negligently used or operated the cotton machines, but rather contends that the equipment was not properly maintained. In order for the State's immunity to be waived, there must be some allegation of the negligent or otherwise improper use of the motor-driven equipment by a state employee. *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004). Negligent maintenance does not constitute "operation or use." *Hale*, 2018 WL 3129436, at *3; *see also Mt. Pleasant Ind. Sch. Dist. v. Elliott*, No. 06-13-00115-CV, 2014 WL 1513291, at *8 (Tex. App.—Texarkana Apr. 17, 2014, pet. denied) (mem. op.).

5. Injury by Use or Condition of Personal Property. Thoele alternatively asserts that his injury was the result of TDCJ furnishing him "with inadequate or defective tangible personal property. . . ." Thoele contends that the dust masks that were provided were inadequate as they were not rated for use within the cotton environment and that respirators that were provided "were in a state of disrepair, with filter cartridges that have exceeded the effective service life." Thoele further asserts that respirators were not tested or fitted properly or were not cleaned and sanitized in an effective manner after each use.

Thoele relies upon *Lowe v. Tex. Tech. Univ.*, 540 S.W.2d 297 (Tex. 1976) in his brief. The *Lowe* case involves a college football player who alleged injury after his coach directed him to remove a knee brace that he wore due to a previous knee injury. The *Lowe* court determined that the player alleged a statutory waiver of immunity arising from some condition or some use of tangible property because the knee brace was an integral part of Lowe's uniform and immunity was waived by providing Lowe with a uniform that was defective due to its lack of a knee brace. The Supreme Court subsequently noted that *Lowe* represents "the outer bounds of what we have defined as use of tangible personal property." *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585 (Tex. 1996). The *Clark* court noted that it was never intended to allow both use and non-use of property to result in a waiver under the TTCA, and limited *Lowe's* precedential value "to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that lack of this integral component led to the plaintiff's injuries." *Id.*; *see also Rusk State Hosp. v. Black*, 392 S.W.3d 88, 99 (Tex. 2012). Thoele does

not identify the lack of an integral safety component that was a proximate cause of his injury.

      6. Negligence Per Se. Thoele asserts that TDCJ should be held responsible for his injury under a theory of negligence per se because TDCJ's employees acted in violation of OSHA regulations. "Negligence per se is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care." *Reeder v. Daniel*, 61 S.W.3d 359, 361-62 (Tex. 2001). If applicable, the doctrine allows a plaintiff to prove negligence as a matter of law by proving the violation of a penal statute. *Goode v. Bauer*, 109 S.W.3d 788, 791 (Tex. App.—Corpus Christi 2003, pet. denied). Negligence per se is not a separate claim existing independently from a common-law negligence claim. *Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Negligence per se is merely one method of proving breach of duty, a required element of any negligence cause of action. *Id*. Texas courts have held that OSHA regulations "neither create an implied cause of action nor establish negligence per se." *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 789 (Tex. App.—Dallas 2013, no pet.); *see also McClure v. Denham*, 162 S.W.3d 346, 353 (Tex. App.—Fort Worth 2005, no pet.); *Wal-Mart Stores, Inc. v. Seale*, 904 S.W.2d 718, 720 (Tex. App.—San Antonio 1995, no writ).

Additionally, as previously noted, the State and its agencies may only be sued if the Legislature waives immunity in "clear and unambiguous language." *Sampson*, 500 S.W.3d at 384. Thoele identifies no section of the TTCA that waives immunity for claims based upon negligence per se.

Having considered all of the arguments raised, we overrule Thoele's third issue.

Because we find Thoele's original petition insufficient to overcome the State's sovereign

immunity, we need not address his fourth issue.

### Conclusion

Having overruled Thoele's first, second, and third issues, we affirm the judgment

of the trial court.


REX D. DAVIS
Justice

Before Chief Justice Gray,*
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed December 22, 2020
[CV06]

\*     (Chief Justice Gray concurs in the Court's judgment which affirms the trial court's judgment. A separate opinion will not issue. However, Chief Justice Gray provides the following note to explain his vote.

On the four issues raised by Thoele, which are set out in the opinion, I agree that each is properly overruled. But I also agree with the following statement in Thoele's brief. "The Appellee's Motion to Dismiss Pursuant to Rule 91a is a plea to the jurisdiction or special exceptions in disguise. The obvious intent of this tactic was to have the case summarily dismissed based on immunity without ever affording Thoele the opportunity to amend. This tactic was successful." (Appellant's brief at page 18.) My initial analysis of Thoele's petition, as a straight up plea-to-the-jurisdiction, is that he adequately pled a waiver of the State's immunity, but because of the nature of the issues he presents on appeal from the trial court's grant of a motion to dismiss under TRCP 91a, I must concur with the Court's judgment affirming the trial court's dismissal of Thoele's claim. Accordingly, I concur in the Court's judgment, although I respectfully decline to join the opinion of the Court.)

Thoele v. Tex. Dep't of Criminal Justice