

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00024-CV

**TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,**

                                                    **Appellant**

 **v.**

**SANDRA DEE PARKER,**

                                                    **Appellee**

### From the 12th District Court
### Madison County, Texas
### Trial Court No. 17-14632

## MEMORANDUM OPINION

In four issues, Appellant Texas Department of Criminal Justice ("TDCJ") appeals the trial court's denial of its plea to the jurisdiction. We reverse the trial court's order.

### *I. Background*

Appellee Sandra Dee Parker ("Parker") sues TDCJ under the Texas Tort Claims Act (TTCA) due to injuries she sustained when her automobile struck two cows that were in the roadway. The accident occurred at approximately 2 a.m. on May 13, 2016 on FM 1428 in Madison County. It is not disputed that the cows were owned by TDCJ and that

they escaped from their enclosure at the Ferguson Unit. Parker's first amended petition asserts that the cows escaped due to TDCJ's negligence.

TDCJ filed a plea to the jurisdiction asserting sovereign immunity, and Parker filed a first amended petition in response. TDCJ then filed an amended plea to the jurisdiction, which the trial court denied after a hearing.

## *Issues*

TDCJ presents the following issues:

1) Did TDCJ waive sovereign immunity under the TTCA by the negligent use and/or misuse of livestock as items of personal property?

2) Did TDCJ waive sovereign immunity under the TTCA because of the condition of an alleged broken fence?

3) Would TDCJ be liable if it were a private party under Texas law?

4) Was TDCJ negligent *per se*?

## *Discussion*

A. Standard of Review. Sovereign immunity implicates a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). "A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Generally, we review the trial court's ruling on a plea to the jurisdiction *de novo*. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively

demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v.*

*Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

> But when a plea to the jurisdiction challenges the existence of jurisdictional facts, we look beyond the pleadings and consider evidence submitted by the parties "when necessary to resolve the jurisdictional issues raised," even if the evidence implicates both the court's jurisdiction and the merits of a claim. *Miranda*, 133 S.W.3d at 227. For a plea that challenges the existence of jurisdictional facts, our standard of review generally mirrors that of a traditional summary judgment: a plaintiff must raise a genuine issue of material fact to overcome the challenge to the trial court's jurisdiction. *Id.* at 221, 228. In determining whether the plaintiff has met that burden, "we take as true all evidence favorable to" the plaintiff and "indulge every reasonable inference and resolve any doubts in the [plaintiff's] favor." *Id.* at 228. If the evidence and allegations create a fact question regarding jurisdiction, then a court cannot grant a plea to the jurisdiction, and the factfinder must resolve the fact issue. *Id.* at 227-28. But "if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue," a court rules "on the plea to the jurisdiction as a matter of law." *Id.* at 228.

*Rangel*, 595 S.W.3d at 205.

In her first amended petition, Parker asserts:

> The DEFENDANT was negligent in failing to adequately build, inspect, and/or maintain a secure enclosure for the livestock as evidenced by the livestock being able to escape the pasture and cause injury to the PLAINTIFF. DEFENDANT knew, or should have known and anticipated the danger to ordinary users of the adjacent roadway that was created by its failure to properly inspect the fences and maintain the fences in an adequate state of repair in the event livestock escaped the pasture and made their way to the roadway.

> DEFENDANT knew or reasonably should have known that the condition of broken or inadequate fencing existed and failed to adequately warn drivers of the possibility of livestock escaping from the pasture and presenting a potential hazard to ordinary users of the roadway.

> DEFENDANT'S negligence was the result of use, misuse or condition of the livestock in question, items of tangible personal property. DEFENDANT used the livestock as a means to feed the inmates or,

alternatively, as a means to generate revenue for the State from the sale of the livestock. The livestock put into action or service by DEFENDANT for a given purpose were directedly involved in Plaintiff's injuries.

DEFENDANT would be personally liable to PLAINTIFF under Texas law. The Roaming Stock Law of Madison County enacted on November 17, 1930 makes it unlawful for owners of cattle to permit them to run at large within the limits of said county.

First Amended Petition, pp. 4-5.

Parker further asserts claims based upon negligence per se, due to TDCJ's violation of the roaming stock law, and general negligence, based upon the violation of TDCJ's legal duty to keep livestock off the roadways.

In its reply to Parker's response to its plea to the jurisdiction, TDCJ submits as an exhibit an affidavit from Robert Jennings, a Captain of Correctional Officers at the Ferguson Unit.[1] The affidavit notes that Jennings was the highest-ranking officer on duty in charge of operations at the Ferguson Unit from 4:30 p.m. on May 12, 2016 until about 6 a.m. on May 13, 2016. The affidavit notes the following:

While, I am familiar with the accident made the subject matter of this lawsuit, I was not present at, nor did I witness the accident involving the Plaintiff, Ms. Parker, on May 13, 2016. I first became aware of the accident when, shortly after 2 a.m. on May 13, 2016, I received a call from one of my officers at the unit, Lt. Justin Sands-Wable, who informed me that Ms. Sandra Dee Parker, an employee of the University of Texas Medical Branch at Galveston (UTMB) and assigned to the Ferguson Unit, had called to inform the Unit that she had been involved in an automobile accident and needed help. She had struck some cattle that had wandered onto the roadway of FM 1428 near the Ferguson Unit.[2] I told Lt. Sands-Wable to proceed to the scene of the accident to see if he could be of assistance, and I

---

[1] Parker has not objected to the affidavit in the trial court or this court, nor has she submitted any exhibits in opposition to it. Parker references the facts included in the affidavit in the brief she filed in this court.

[2] The record does not reflect the fate of the cows.

also sent another employee, Mr. Jason Williams to assist. Later, Ferguson Unit employees Ms. Catherine Seitz, an agriculture clerk, and Ms. Annie James (formerly Fautheree) were sent to the accident scene to assist as well. Lt. Sands-Wable updated me from the scene of the accident at approximately 3 or 3:30 a.m.

Being the senior officer in charge of the prison unit at that time, I could not leave the unit to assist at that time. I was eventually able to reach Mr. Charles Vondra, the Senior Warden at the Ferguson Unit, and then contacted Mr. Bridges[3] at around 6 a.m. Both went to the scene of the accident. I was finally relieved of duty shortly after that and went to the accident scene. The accident occurred on FM 1428 about a [half] mile before it intersects FM 247 in front of the Ferguson Unit. Mr. Bridges had identified the cattle by their brands as being from the Ferguson Unit. The cattle had escaped through a fence on the Middle Pasture which was about 30 feet from, and runs parallel to, FM 247. The pasture is only about three tenths of a mile from the front parking lot of the Ferguson Unit. If there had been any damage to that part of the fence before dark on May 12, 2016, it would have been easily noticed from FM 247 or the Ferguson Unit.

As stated, I was the senior officer on duty and in charge of the Ferguson Unit at the time of the accident. There were no reports of loose cattle in the area of the Ferguson Unit, or any reports that any Ferguson Unit fence had been damaged on May 12 or May 13, [2016], before the accident. There are at least six officers manning the six outside picket towers around the Ferguson Unit building. During the daylight hours, when the weather is clear, the officers in the outside towers are able to visually observe the entire surrounding area of the Ferguson Unit in all directions for several miles, including up and down FM 247 and FM 1428. Of course, vision is reduced at night, and the amount of light and traffic on FM 247 and FM 1428 also varies at night. However, no outside picket officer reported any problems such as loose cattle, damage to any of the fences, or any problems concerning the perimeter of the prison. As the officer in charge of the operations of the Ferguson Unit during this time period, I would have been notified of any reports of any such problems, and there were none.

B. Sovereign immunity. Generally, the common law doctrine of sovereign immunity prevents the state from being sued without the state's consent. *Nettles v.*

---

[3] The State's brief identifies Mr. Bridges as Jeremy Bridges, the Agriculture Director at the Ferguson Unit.

*GTECH Corp.*, 603 S.W.3d 64, 67 (Tex. 2020). TDCJ, as a state agency, shares this immunity. *See Rangel*, 595 S.W.3d at 205. The State and its agencies may be sued if the Legislature waives immunity in "clear and unambiguous language." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). The TTCA provides a limited waiver of the state's immunity from suit for certain negligent acts committed by governmental employees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *see also Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). The TTCA waives the state's immunity for personal injuries or death caused by: (1) use of publicly owned automobiles; (2) a condition or use of tangible personal property; and (3) premises defects. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *see also Sampson*, 500 S.W.3d at 384. The TTCA does not create a cause of action, it merely waives immunity "as a bar to a suit that would otherwise exist." *El Paso Cty. Water Improvement Dist. #1 v. Ochoa, 554 S.W.3d 51, 55 (Tex.* App.—El Paso 2018, no pet.) (quoting *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997)). The TTCA's waiver of immunity is applicable only if "the governmental unit would, were it a private person, be liable to the claimant according to Texas Law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

    C. Use or Condition of Tangible Personal Property. As noted, Parker asserts that the cows she struck are tangible personal property and that she was injured by the use or condition of them.[4] Assuming without deciding that TDCJ could be liable under the

---

[4] Cattle are considered personal property under Texas law. *See* TEX. PROP. CODE ANN. § 42.002(a)(10)(B); *see also Walters v. Northcutt*, No. 12-03-00247-CV, 2005 WL 341694, at *9 n.5 (Tex. App.—Tyler Feb. 10, 2005, no pet.) (mem. op.).

circumstances of this case if it was a private individual,[5] the TTCA still bars Parker's claims.[6]

A governmental entity "uses" tangible personal property "if it puts or brings the property into action or service, or employs the property for or applies it to a given purpose." *Rangel*, 595 S.W.3d at 206. For there to be a waiver of immunity, the governmental entity's use of the property "must have actually caused the injury." *Id.* (quoting *Sampson*, 500 S.W.3d at 388-89)). "It is not enough to show that property was involved." *City of Houston v. Davis*, 294 S.W.3d 609, 612 (Tex. App.—Houston [1st Dist.] 2009, no pet.). In this case, the "use" of the cattle that Parker identifies (feeding inmates and generating revenue) was not a contemporaneous cause of Parker's injuries.

Parker cites to *City of Dallas v. Heard*, 252 S.W.3d 98, 108-112 (Tex. App.—Dallas 2008, pet. denied). The *Heard* case involved injuries sustained by patrons of the Dallas Zoo inflicted by a gorilla that had escaped its enclosure. The Dallas Court determined, in part, that the gorilla was "used" by the City as an attraction to generate revenue and that the City was strictly liable for the injuries caused by the gorilla because it was a wild and dangerous animal. *Id.* Neither situation is present in this case. *See City of Elgin v. Reagan*, No. 03-06-00504-CV, 2009 WL 483344, at *4 n.3 (Tex. App.—Austin Feb. 26, 2009, no pet.) (mem. op.) (distinguishing *Heard* in case involving adoption of shelter animal that attacked child).

---

[5] Because we make this assumption and sustain TDCJ's other issues, we will not address TDCJ's third issue.

[6] For a history of the free-range and stock laws in Texas, *see Gibbs v. Jackson*, 990 S.W.2d 745, 747-50 (Tex. 1999).

Parker's pleadings could be construed to assert that TDCJ's liability rests upon a "condition" of the cattle. A governmental unit may be liable if it provides property that has "an inherently dangerous condition [that] . . . poses a hazard when the property is put to its intended and ordinary use. . . ." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 99 (Tex. 2012) (citing *Dallas Cty. v. Posey*, 290 S.W.3d 869, 872 (Tex. 2009)). "Liability under this theory is rare and limited to circumstances when the furnished property 'lacks an integral safety component.'" *Univ. of Tex. M.D. Anderson Cancer Ctr. v. Baker*, 401 S.W.3d 246, 255 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (quoting *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585 (Tex. 1996)). Parker's petition makes no allegation that the cattle, in and of themselves, are somehow inherently dangerous or possessed dangerous propensities abnormal to their class.

Based upon the record before us, we conclude that the trial court erred in denying TDCJ's plea to the jurisdiction as to Parker's claims based upon use and/or condition of tangible personal property. TDCJ's first issue is sustained.

D. Use or condition of real property. Under the TTCA, an item of tangible personal property may create a condition of the premises, resulting in a premises defect claim. *See Sampson*, 500 S.W.3d at 388. Parker asserts that the broken fence that allowed the cattle to escape created a condition that constituted a premise defect that led to her injuries.[7]

---

[7] Parker also alleges a claim based upon general negligence. The heightened requirements for liability under the TTCA cannot be avoided by recasting a premises defect claim as one for general negligence. *See Sampson*, 500 S.W.3d at 385-86, 389; *Miranda*, 133 S.W.3d at 233. Parker's general negligence claim is subsumed within her premises defect claim, and TDCJ's governmental immunity has not been waived

The TTCA provides separate duties to cases involving premise and special defects. *Id.* "Whether a condition is a premise or special defect is a question of law." *Id.* "'Premise defects' may be defined generally as defects or dangerous conditions arising from conditions of a premises.'" *Id.* (quoting *Davis v. Comal Cty. Comm'rs Court*, No. 03-11-00414-CV, 2012 WL 2989220, at *2 (Tex. App.—Austin July 13, 2012, no pet.) (mem. op)). "'Special defects' are a subset of premise defects and include 'conditions "such as excavations or obstructions on highways, roads, or streets."'" *Id.* at 338-39 (quoting *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b). Courts are to construe special defects to include defects of the same kind or class as the ones expressly mentioned in the statute. *See State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 238 (Tex. 1992); *see also Cty. of Harris v. Easton*, 573 S.W.2d 177, 180 (Tex. 1978). The broken fence in this case is not the type of special defect covered by the TTCA.

If a claim "arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a)); *see also Sampson*, 500 S.W.3d at 389.

> The duty owed to a licensee on private property requires that "a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.

under the TTCA for a general negligence claim. *See City of Dallas v. Prado*, 373 S.W.3d 848, 855 (Tex. App.—Dallas 2012, no pet.).

*Sampson*, 500 S.W.3d at 385 (quoting *Payne*, 838 S.W.2d at 237). Absent willful, wanton, or grossly negligent conduct, a licensee must prove the following to establish the breach of duty owed to him:

> (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee.

*Sampson*, 500 S.W.3d at 391 (quoting *Payne*, 838 S.W.2d at 237). "[T]he licensee must show that the owner actually knew of the 'dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition c[ould] develop over time.'" *Id.* at 392 (quoting *Hayes*, 327 S.W.3d at 117); *see also City of Corsicana v. Stewart*, 249 S.W.3d 412, 414-15 (Tex. 2008) (per curiam). The knowledge of the landowner must be actual rather than constructive. *Sampson*, 500 S.W.3d at 392. In determining whether a premises owner has actual knowledge of a dangerous condition, courts generally consider whether the owner received reports of prior injuries or reports about the potential danger of the condition. *Id.* Awareness of a potential problem is not actual knowledge of an existing danger. *See Reyes v. City of Laredo*, 335 S.W.3d 605, 607 (Tex. 2010) (per curiam).

The record before us reflects that TDCJ did not have actual knowledge of the broken fence. Therefore, TDCJ's immunity was not waived in this case, and the trial court erred in denying the plea to the jurisdiction as to Parker's premises defect claim. TDCJ's second issue is sustained.

E.  Negligence Per Se. "Negligence per se is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care."

*Reeder v. Daniel*, 61 S.W.3d 359, 361-62 (Tex. 2001). If applicable, the doctrine allows a plaintiff to prove negligence as a matter of law by proving the violation of a penal statute. *Goode v. Bauer*, 109 S.W.3d 788, 791 (Tex. App.—Corpus Christi 2003, pet. denied). Negligence per se is not a separate claim existing independently from a common-law negligence claim. *Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Negligence per se is merely one method of proving breach of duty, a required element of any negligence cause of action. *Id*. Even assuming that the Madison County livestock law applies in this case, the mere fact that TDCJ cattle wandered outside a broken fence does not constitute negligence per se. "Animals may escape through no fault of their owners." *Rodriguez v. Sandhill Cattle Co., L.P.*, 427 S.W.3d 507, 510 (Tex. App.—Amarillo 2014, no pet.). "Thus, the fact of their escape is not alone evidence of misconduct on the part of their owners." *Id*.

Additionally, as previously noted, the State and its agencies may only be sued if the Legislature waives immunity in "clear and unambiguous language." *Sampson*, 500 S.W.3d at 384. Parker identifies no section of the TTCA that waives immunity for claims based upon negligence per se.

The trial court erred in denying TDCJ's plea to the jurisdiction as to Parker's negligence per se claim. TDCJ's fourth issue is sustained.

### *Conclusion*

Having concluded that Parker's claims are barred by the TTCA, we reverse the trial court's order and render judgment that Parker's claims against TDCJ are dismissed with prejudice.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Reversed and rendered
Opinion delivered and filed September 30, 2020
[CV06]

